IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| RICHARD ROBERTSON, | No. C11-32 EJM |
| Plaintiff, | ORDER |
| v. | |
| METROPOLITAN LIFE INSURANCE COMPANY and BENEFITS PROGRAM FOR ELIGIBLE EMPLOYEES OF ROCKWELL COLLINS a/k/a GROUP INSURANCE PLAN NO. 740, | |
| Defendant. | |

This matter is before the court on review of plaintiff's claim for benefits under a group disability employee benefit plan. Briefing concluded on October 12, 2011. Remanded for further consideration.

Plaintiff, insured under defendant Metropolitan Life Insurance Company's (MetLife) long-term disability insurance policy provided under a health and welfare plan (Plan) by his employer, Rockwell Collins (Rockwell), brings this action pursuant to the Employee Retirement Income Security Act (ERISA), 29 USC §§1001, et seq., claiming benefits under the Plan. The court has jurisdiction pursuant to 28 USC §1331.

Plaintiff claims a disability onset date of July 23, 2007, as a result of sleep apnea and resulting fatigue, fibromyalgia, pain syndrome, and obesity. After receiving short term disability benefits from Rockwell through January 2008, he was released by treating physician Dr. Peterson to return to part-time work of up to 4

hours per day. Rockwell was unable to accommodate this restriction, and advised plaintiff and Plan administrator MetLife that he could not return to his position until he was released to return to full-time work. Plaintiff then applied for long-term disability benefits under the Plan.

On March 5, 2008, MetLife denied plaintiff's claim. On August 25, 2008, plaintiff appealed the denial, which MetLife denied on October 29, 2008. Plaintiff now seeks judicial review, asserting that defendants' denial of benefits was an abuse of discretion, arbitrary, capricious, wrongful, and contrary to the terms of the Plan and law. Specifically, plaintiff asserts defendants abused their discretion by ignoring the opinions of treating physicians, failing to give proper weight to the Social Security Administration's findings as to plaintiff's disability, ignoring the conclusions of the Plan's own expert in failing to obtain appropriate neuropsychological testing, denying plaintiff's claim without waiting for evidence from treating physicians, failing to have plaintiff independently examined to adequately refute the findings of treating physicians, failing to give due weight to plaintiff's medical records, and failing to have plaintiff's records reviewed by physicians specializing in areas of medicine applicable to plaintiff's condition, including a neurologist.

Plaintiff seeks benefits, attorney fees, and costs.

It is undisputed that the Plan designates MetLife as the claim administrator and grants it full discretionary authority to construe and interpret the Plan, and to make factual determinations regarding all aspects of the Plan. Accordingly, the Plan Administrator's decision is to be reviewed under a deferential abuse of discretion

standard. The court is to determine whether the decision was reasonable, supported by substantial evidence. Wilcox v. Liberty Life Assurance Co. of Boston, 552 F3d 693, 700 (8th Cir. 2009).

Upon review of the record, it is the court's view that the Plan abused its discretion in rejecting the opinion of treating physician Dr. Peterson regarding plaintiff's impairments, and in failing to consider the combined effect of his impairments upon his ability to perform the duties of his occupation. Plan administrators need not accord special weight to treating physicians' opinions, see Alexander v. Trane Co., 453 F3d 1027, 1031 (8th Cir. 2006), and when there exists a conflict of opinion between a claimant's treating physicians and the Plan's consulting physicians, the Plan has discretion to deny benefits unless the record does not support denial. Torgeson v. Unum Life Ins. Co. of America, 466 FS2d 1096, 1131-1132 (ND IA 2006). Here, it is the court's view that the record does not support denial. While the Plan employed consulting physicians to review plaintiff's impairments, on this record it appears those physicians did not consider the combined effect of plaintiff's impairments. Additionally, the Plan abused its discretion in relying upon the more limited assessment by consultant Dr. Murphy (who did not render an opinion as to plaintiff's cognitive performance differences between morning and afternoon, including his ability to sustain cognitive performance for a full day's work, which appears critical in this matter (T. 169)), and in ignoring the more comprehensive assessment of treating physician Dr. Peterson regarding the limitations of plaintiff's obstructive sleep apnea, fibromyalgia, and

3

severe fatigue and pain. While Plan consultant Dr. Murphy suggested that a further test over an eight hour day "might shed light on [cognitive] performance differences between morning and afternoon" (T. 169), and Dr. Peterson observed that the proposed test would be dispositive (T. 140), the Plan declined to do so. The court further notes that notwithstanding a contrary assertion in the Plan's October 29, 2008 denial of plaintiff's appeal, Dr. Peterson's response to the Plan's letter of October 21, 2008, requesting a response by October 28, 2008, was timely both telephonically and in writing, encouraging performance of the testing noted above.

Upon the foregoing, the court concludes the Plan's decision was not reasonable, and was not supported by substantial evidence. This matter shall be remanded for further consideration, including re-opening the record to provide full and fair review. While defendants' financial conflict of interest as both administrator and insurer of the plan may be considered, see Chronister v. Unum Life Ins. Co. of America, 563 F3d 773, 775 (8th Cir. 2009), that factor has not tipped the balance in the instant decision. On remand the Plan may afford any appropriate weight to the findings of the Social Security Administration, which found plaintiff unable to engage in any substantial gainful activity, with an onset date of July 23, 2007, as a result of severe impairments including his obstructive sleep apnea and fibromyalgia. T. 17-22. Glenn v. Metlife, 461 F3d 660, 667 (6th Cir. 2006). Additionally, while the court finds it unnecessary here to address plaintiff's contention that the Plan's reviewing consultants were not furnished all relevant records, on remand the Plan shall assure that any reviewing physicians are provided all relevant records.

While oral argument was requested, it is unwarranted.

It is therefore

ORDERED

Remanded for further consideration in accordance herewith.

March 15, 2012.

                               Edward J. McManus, Judge
                              UNITED STATES DISTRICT COURT